### LEASE EXECUTED BY GUARDIAN.

[Circuit Court of Hamilton County.]

THE GLOBE SOAP COMPANY v. LOUISVILLE & NASHVILLE RAIL-ROAD COMPANY.

Decided, July 28, 1905.

*Guardian and Ward—Power of Guardian to Lease—With Privilege of Renewal—Pleading—In Suit Involving Validity of Lease—Sections 6295 and 6296.*

1. In a suit to establish the validity of a lease executed by a guardian, the petition should show by what authority the guardian acted, and that the persons for whom he acted were disqualified by infancy, imbecility or otherwise.
2. A covenant by a guardian to renew a lease for a second term is in excess of the power granted by Section 6295, and is void.
3. And to bring the lease within the provisions of Section 6296, the petition should contain averments showing requisite conditions and the authority of the court.

GIFFEN, J.; JELKE, J., concurs; SWING, J., dissents.

This case was submitted upon a general demurrer to the petition and involves the validity of a lease executed by Fannie J. Dickson, Caroline T. Dickson, David J. Dickson and Fannie J. Dickson, guardian of Charles F. and Paul R. Dickson, heirs at law of Charles T. Dickson, deceased.

It does not appear by what authority the guardian acted, nor whether she was the guardian of the estate of Charles F. and Paul R. Dickson, nor does it appear that the two persons for whom she acted were disqualified by infancy, imbecility, or otherwise. The petition, therefore, fails to show any authority in the so-called guardian for the execution of a lease, and in the absence of such authority, her act would be a nullity.

The demurrer was argued however, not upon the ground that the guardian was without authority to act, but that in executing the power conferred upon her by statute she exceeded such power.

Section 6295, Revised Statutes, provides as follows:.

"A guardian of the person and estate or of the estate only, of any minor, may lease the real estate of his ward for any term not exceeding three years, and not extending beyond the minority."

The lease in this case was for a period of three years, together with an option for "a further term of two and one-half years, three years, and three years, making in all a renewal of eight and one-half years."

It will be observed that the wards themselves do not sign the lease, and the question whether they could ratify an act done under disability, after such disability has been removed, does not arise in this case, and the only question is whether the guardian as such had authority to make a lease for a longer period than three years, or what amounts to the same thing, make a covenant to renew for a term of years after the three year lease expired.

As appears from the briefs of counsel, the authorities are not uniform on the question here presented, but we think it comes within the principle announced in the case of *The Commissioners of Knox County* v. *Nichols,* 14 O. S., 260, the fourth proposition of the syllabus being as follows:

"Where a power created by statute has been fully executed and something not authorized by the statute has been added, but which is clearly distinguishable from the rightful execution, the execution of the power is good so far as authorized by the statute, and void only as to the excess."

In this case, the power to execute a lease for three years has been fully executed, the term having expired on December 31, 1904, but the covenant to renew the lease for a term of years is in excess of the power granted by the statute, and is therefore void.

It is contended, however, that the lease may have been executed under Section 6296, which permits a guardian "to lease

the real estate of his ward for any term not exceeding fifteen years whenever the court appointing him shall, on his application, find that such lease would be to the advantage of the ward," etc., but in order to bring it within this section, the petition should contain the necessary averments showing the requisite conditions and the authority of the court.

We are of the opinion that the demurrer should be sustained upon both of the grounds above stated.

*Kittredge & Wilby* and *H. L. Gordon,* for plaintiff.

*Ellis G. Kinkead* and *H. Kenneth Rogers,* for defendant.